IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| MELECIO BAUTISTA, | ) | NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| DIAMOND CONSTRUCTION, INC., a | ) | |
| Washington Corporation, and | ) | |
| DALE C. MARSTON, MICHAEL | ) | |
| WRIGHT, and JOHN OR JANE | ) | |
| DOE 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Melecio Bautista, plaintiff herein, and alleges as follows:

## I. NATURE OF ACTION AND JURISDICTION

1.1    This is an action for failure to pay wages, and to pay overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("the FLSA") and the Washington Minimum Wage Act, RCW 49.46.005, et seq.; and for illegal retaliation in violation of the FLSA.

COMPLAINT - 1

MacDonald Hoague & Bayless

1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE  WASHINGTON 98104-1745
(206) 622-1604
FAX  (206) 343-3961

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1.2   This Court has jurisdiction over plaintiff's federal claim under 29 U.S.C. § 216(b) and has supplemental jurisdiction over plaintiff's state law claim under 28 U.S.C. § 1367(a).

1.3   Venue is proper under 28 U.S.C. § 1391(b).

## II.   PARTIES

2.1   Plaintiff resides in Auburn, Washington, and at all times relevant hereto was an employee of defendants, within the meaning of 29 U.S.C. § 203(e)(1) and RCW 49.46.010(5).

2.2   Defendant Diamond Construction, Inc. is a business incorporated in the state of Washington.  At all times relevant hereto defendant resided and did business within the Western District of Washington. This defendant is an employer within the meaning of 29 U.S.C. § 203(d) and RCW 49.46.010(4).

2.3   Dale Marston was at all times relevant an officer and/or owner and/or vice principal and/or agent of Diamond Construction, Inc., and is an "employer" within the meaning of 29 U.S.C. § 203(d), RCW 49.46.010(4) and RCW 49.52.050. He exercised control over the calculation and/or payment of wages to plaintiff.

2.4   Michael Wright was at all times relevant an officer and/or owner and/or vice principal and/or agent of Diamond Construction, Inc., and is an "employer" within the meaning of 29 U.S.C. § 203(d), RCW 49.46.010(4) and RCW 49.52.050.

COMPLAINT - 2

MACDONALD HOAGUE & BAYLESS

1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE WASHINGTON 98104-1745
(206) 622 1604
FAX 206 343 3961

He exercised control over the calculation and/or payment of wages to plaintiff.

2.5   Defendants Jane and/or John Doe are as-yet unidentified officers and/or vice principals and/or agents of defendant Diamond Construction, Inc., who exercised control over the calculation and/or payment of wages to plaintiff.

### III.   FACTUAL ALLEGATIONS

3.1   At all times material hereto, Mr. Bautista was employed by defendants and acted in furtherance of their business.

3.2   At all times relevant to this Complaint, defendants paid Mr. Bautista $9.00 per hour for his work.

3.3   Mr. Bautista, on occasion, worked more than forty hours per week ("overtime").

3.4   Defendants failed to pay Mr. Bautista for hours that he worked in June and July 2004, including overtime hours.

3.5   Defendants' failure to pay Mr. Bautista his wages was willful and intentional and not in good faith.

3.6   Defendants' failure to pay Mr. Bautista his overtime pay was willful, intentional and not in good faith.

3.7   Mr. Bautista complained to defendants because they failed to pay him.

3.8   On information and belief, defendant retaliated against Mr. Bautista after he so complained.

COMPLAINT - 3

MACDONALD HOAGUE & BAYLESS

1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX (206) 343-3961

## IV.   CLAIM ALLEGATIONS

4.1 The acts and omissions of defendants described above are in violation of RCW 49.52.050, and pursuant to RCW 49.52.070, defendants are liable to plaintiff for twice the amount of the wages unlawfully withheld, and costs of suit and attorneys fees.

4.2 The acts and omissions of defendant described above are in violation of RCW 49.48.010, and defendants are liable for all compensation withheld from plaintiff, and for plaintiff's attorneys fees, pursuant to RCW 49.48.030.

4.3  As set forth above defendants failed to pay plaintiff for work performed in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which plaintiff was employed. Defendants' failure to so compensate plaintiff violated 29 U.S.C. § 207(a)(1), and defendants are liable to plaintiff for such amounts of unpaid compensation.

4.4  As set forth above defendants failed to pay plaintiff for work performed in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which plaintiff was employed. Defendants' failure to so compensate plaintiff violated RCW 49.46.130, and defendants are liable to plaintiff for such amounts of unpaid compensation.

4.5  As set forth above, defendants' failure to pay

COMPLAINT - 4

MACDONALD HOAGUE & BAYLESS

1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX (206) 343-3961

plaintiff overtime wages was not in good faith, and defendants are additionally liable to plaintiff for a doubling of the amount of wages that were wrongfully withheld ("liquidated damages") pursuant to 29 U.S.C. § 216(b).

4.6   As set forth above, defendants' failure to pay plaintiff overtime wages was willful and therefore in violation of RCW 49.52.050 and other law, and, pursuant to RCW 49.52.070 defendants are additionally liable to plaintiff for liquidated damages.

4.7   As set forth above, defendants retaliated against plaintiff, in violation of 29 U.S.C. § 215.

## V.   RELIEF SOUGHT

**WHEREFORE** plaintiff prays that the Court enter judgment against defendants, and each of them, as follows:

5.1   Awarding plaintiff special damages for economic loss, including unpaid wages, unpaid overtime wages, liquidated damages, prejudgment interest, and any and all other economic losses, in an amount to be proven at trial.

5.2   Awarding plaintiff punitive damages on his claim under 29 U.S.C. § 215.

5.3   Awarding plaintiff his attorneys fees and costs of litigation, pursuant to 29 U.S.C. § 216(b) and/or RCW 49.46.090 and/or RCW 49.48.030 and/or RCW 49.52.070.

5.4   Awarding plaintiff such other and further relief as the Court deems just and equitable.

COMPLAINT - 5

MACDONALD HOAGUE & BAYLESS

1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE  WASHINGTON 98104-1745
(206) 622-1604
FAX  (206) 343-3961

DATED this _18_ day of April 2005.

MacDONALD, HOAGUE & BAYLESS

By_____
   Cristobal Josh Alex WSBA#31993
   Melton L. Crawford WSBA#22930

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

COMPLAINT - 6

MacDONALD HOAGUE & BAYLESS

1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX (206) 343-3961